VÁZQUEZ PRADA ET AL., PLAINTIFFS AND APPELLANTS, *v.*
ANNUZZI ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 2, in an Action for the Nullity of a Mortgage and the Restitution of Property.

No. 1921.—Decided December 2, 1918.

APPEAL—STATEMENT OF CASE—DOCUMENTARY EVIDENCE.—According to Act No. 70 of 1911, the fact that the appellant desires and understands that the original document admitted in evidence should be sent up to the Supreme Court does not oblige the clerk of the court below to send it up to the appellate court; but it is necessary that the judge whose duty it is to approve the statement of the case should decide that the original shall be sent up, inasmuch as he is the official delegated by law to determine that matter.

ID.—ID.—ID.—Although there was no express decision in this case that the documents referred to in the statement of the case approved by the judge of the lower court should be sent up in the original to the appellate court, nevertheless, as the statement of the case, which stated that the original papers should be sent up, was approved, the court will be understood as having impliedly assented to the proposition made by the appellant to that effect.

The facts are stated in the opinion.
*Mr. Juan B. Soto* for the appellants.
*Mr. Francisco Soto Gras* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In preparing their appeal from the judgment rendered in this action the appellants chose the procedure established in Act No. 70 of 1911 and framed the statement of the case and bill of exceptions by narrating the testimony and only briefing the documentary evidence, stating that the documents would be attached as exhibits. The judge approved said statement of the case and bill of exceptions, but was silent as to whether the said documents should be sent up to this court in their original form.

Together with the transcript of the judgment roll the appellants filed in the office of the secretary of this court several certificates issued by the clerk of the lower court, notice of which had been given to the adverse party, containing copies of the documents introduced in evidence at the trial and briefed in the statement of the case. Some time later the motion now under consideration was made, in which this court was asked to order the clerk of the lower court to send up the original documents examined at the trial and briefed in the statement of the case so that this court might consider them in the appeal.

When the evidence introduced at the trial is to be submitted to this court in a statement of the case prepared by the appellant and approved by the judge after hearing the adverse party according to Act No. 70 of 1911, then both the testimony and the documentary evidence must be narrated, extracting only those parts that may materially concern the matter or matters in controversy, and mentioning also, with reference to the documentary proof, the places, dates and functionaries, if need be, who assisted at the execution thereof, unless it should be necessary, for an accurate intelligence and resolution of the matter, that a map, original document, or exhibit of any sort which cannot be reproduced by copy, photograph, or otherwise, be submitted to the examination and inspection of the Supreme Court, in which case a description thereof

shall be given and the clerk of the court *a quo,* after marking for identification such map, original document, or exhibit under his hand and the seal of the court, shall send the same to the secretary of the Supreme Court, stating that they form part of the record of the case.

The fact that the appellants understand and desire that an original document introduced in evidence should be sent up to this court does not make it the duty of the clerk of the court *a quo* to send it up to the appellate court or justify a motion that he be ordered to do so. It is necessary that the judge whose duty it is to approve the statement of the case should decide that the original document be sent up, for he is the one required by law to determine this matter. According to the act cited, the appellants cannot substitute the narrative form in which the documents must be submitted to this court by a simple recital of such documents, unless the trial judge is convinced of the advisability of an examination of the original document by this court, in which event he will order the clerk when he approves the statement of the case to send up such document to this court. The act does not say this in so many words, but this is the only sound construction that can be given to it.

Although in the present case the judge did not expressly state that the documents briefed in the statement of the case approved by him should be sent up in their original form, nevertheless, as it can be deduced that he tacitly consented to the proposition made by the appellants in that sense by approving the statement of the case in which it was stated that the documents should be submitted to this court, we prefer to sustain the motion of the appellants.

*Motion sustained.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.